GEORGE M. KAPOLCHOK and SUSAN J. KAPOLCHOK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kapolchok v. Commissioner
Docket No. 26645-89
United States Tax Court
T.C. Memo 1991-573; 1991 Tax Ct. Memo LEXIS 621; 62 T.C.M. (CCH) 1280; T.C.M. (RIA) 91573; November 26, 1991, Filed *621 George M. Kapolchok, pro se. Antonia K. Hill, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within 90 days after the mailing of the notice of deficiency pursuant to section 6213(a). Petitioners oppose the motion. After concessions, the issues for decision are: 1. Whether the notice of deficiency was dated and sent August 3, or August 8, 1989. We hold that it was August 3, 1989. 2. Whether delivery by a private express mail delivery service is considered to occur on the date submitted by petitioner George M. Kapolchok to the private delivery service or on the date of delivery to the Tax Court. We hold that it is on the date of delivery to the Tax Court. All references to petitioner in the singular are to George M. Kapolchok. Section references are to the Internal Revenue Code as amended and in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioners lived in Anchorage, Alaska, when the petition was filed. 1. Preparation *622 and Mailing of the Notice of Deficiency
Jeri Eileen Patterson has worked since December 1985 as a notices clerk in the Anchorage District Director's Office of the Internal Revenue Service where the notice of deficiency at issue here was mailed. She was the only notices clerk employed by that office in 1989. Notices of deficiency are produced by a computer on pressure-sensitive paper, yielding one original and four copies. One of Ms. Patterson's duties as a notices clerk is to prepare the notices for mailing. As part of this process, Ms. Patterson first prepares a card to go with each case file and separates the documents according to those to be sent to the taxpayer and those to be retained by her office. She then gives all the materials to a review coordinator who reviews the documents, stamps the District Director's name on the letter, and returns the documents to Ms. Patterson. Ms. Patterson next puts the letters in alphabetical order by taxpayer's last name. She then date stamps all of the items for each taxpayer in a particular order. First, she stamps the file card. Second, she stamps the original notice of deficiency to be sent to the taxpayer. Third, she stamps *623 the original of the Form 870 to be sent to the taxpayer. Fourth, she stamps the copy of the Form 870. Fifth, she stamps the IRS file copies of the notice of deficiency. Sixth, she stamps the IRS file copies of the Form 870. She usually re-inks her date stamper once for each stamping, but sometimes she stamps twice before re-inking. Once Ms. Patterson has stamped all of the statutory notices of deficiency, she fills out a Postal Service Form 3877 listing all taxpayers to whom a statutory notice of deficiency is being sent. The Form 3877 is later dated with a postmark by the post office. She then puts the letters in envelopes, seals the envelopes, and stamps the back of the envelopes with a code which aids in her refiling them at their return by the Postal Service. Finally, she takes them to the post office. Ms. Patterson mails the notices about once per week, usually late in the week. A copy of United States Postal Service Form 3877 -- the certified mailing list -- indicates that a notice of deficiency was sent to petitioners on August 3, 1989. August 3, was a Thursday. Ms. Patterson did not mail any notices of deficiency on August 8, 1989, a Tuesday. 2. Mailing of *624 Petition
Petitioner sent the petition to the Tax Court via DHL, a private express mail shipper. DHL picked up the petition from petitioner's office in Anchorage on Wednesday, November 1, 1989, at 5 p.m. The petition was filed by the United States Tax Court in Washington, D.C., at 11 a.m. on Friday, November 3, 1989. OPINION A taxpayer must file a petition with the Court within 90 days after the notice of deficiency is mailed. Sec. 6213(a). Failure to file within this time requires the Court to dismiss the petition for lack of jurisdiction. ; , (1980); . Respondent contends that the 90-day period began to run on August 3, 1989, and the petition was filed on November 3, 1989, 92 days after the start of the 90-day period. Petitioners contend that the 90-day period began to run on August 8, 1989, and the petition was filed November 1, 1989, before the 90-day period expired. 1. Date Petitioners' Notice of Deficiency was Mailed
The first issue for decision is *625 when the statutory notice was dated and mailed. This simple sounding matter is made complex by the fact that petitioners' and respondent's copies of the statutory notice of deficiency introduced into evidence at the hearing on this motion bear different dates. Petitioners offered into evidence the original of the notice of deficiency which was sent to them by respondent. It appears to bear the date August 8, 1989. The Form 870 waiver sent to petitioners at the same time bears a date which is illegible to the Court, although petitioner contends it bears the date August 8, 1989. The IRS file copy of the notice of deficiency and the Form 870 sent to petitioners each bear the date August 3, 1989. A copy of Postal Service Form 3877 -- the certified mailing list -- indicates that a notice of deficiency was sent to petitioners on August 3, 1989. The certified mailing list is direct evidence that the notice was mailed to petitioners on August 3, 1989. ; . Ms. Patterson testified that her certified mail records do not indicate that she mailed *626 any notices of deficiency on August 8, 1989. We recognize that respondent's notices clerk could not say from memory whether she worked on August 3, 1989. We also recognize that she testified that she may get a phone call while she is date stamping, and that she has made mistakes on occasion. Ms. Patterson testified that if she discovers she has stamped a notice of deficiency with the wrong date, something she recalls having done approximately three times during the course of her employment as a notices clerk, she reprints the notice and stamps it with the correct date. She testified that if a date stamp is smudged or otherwise defective, she either reprints the letter or stamps the copy a second time, directly above the smudged date, depending on the severity of the defect. We note that August 3, 1989, was a Thursday, and August 8, 1989, was a Tuesday. This suggests that the notice was mailed on August 3, 1989, because Ms. Patterson normally mails the notices late in the week. Petitioner testified that he received the statutory notice of deficiency in his office around August 14, 1989. At trial, Ms. Patterson demonstrated how she date stamps documents. She used the same date *627 stamp which she used to date documents in August 1989. When she set the stamp at the date "August 3, 1989," in preparation for the demonstration, she put a zero directly before the number three in the date. The date stamped on the original notice of deficiency and other documents, in contrast, is not preceded by a zero. Ms. Patterson testified that it is not necessarily her custom to put a zero before numbers which do not require it. Petitioners, however, argue that this indicates that Ms. Patterson is not the person who stamped the documents in this case and, thus, respondent failed to carry the burden of proof. We do not agree. We do not consider this inconsistency sufficient to outweigh the other evidence. Ms. Patterson admitted that the paper used in the in-Court demonstration was not the same type as that used to produce the notices of deficiency. She also admitted that, unlike during the demonstration, there were usually several papers underneath the notices of deficiency when she stamped them. We do not believe any of these differences would change the appearance of the number "3" so that it resembled an "8." On balance, we believe the procedures used by the IRS are *628 highly routine and practiced. We think the date stamping is taken seriously by the notices clerk, and that she works with care and consistency. We do not believe she sent items in this notice of deficiency package to these taxpayers bearing different dates than the copies she retained for IRS files. Taking into account all of the evidence and testimony, we conclude that respondent carried his burden of proof. We find by a preponderance of the evidence that the notice of deficiency bore the date August 3, 1989, and that it was mailed by the IRS on August 3, 1989. As stated, the copy of the notice of deficiency offered into evidence by petitioners appears to bear the date August 8, 1989. Respondent contends that it bore the date August 3 when mailed on August 3 by respondent and that it was later altered. Petitioners contend that either it originally bore the date August 8, 1989, or the "3" was smudged or altered to look like an "8" before reaching petitioners. We are convinced that the notice of deficiency was mailed by respondent on August 3, 1989, and bore that date when mailed. If the "3" was altered to look like an "8" it occurred after it was mailed by respondent. Alteration *629 to an "8" after mailing by respondent would not delay the date of mailing for purposes of the 90-day period for filing a petition. 2. Date of Filing of the Petition
We next decide whether petitioners filed their petition within 90 days of August 3, 1989. Timely mailing constitutes timely filing of documents delivered after the period prescribed by law if the postmark shows a date on or before the due date. Sec. 7502(a). Section 7502(a)(1) states that: If any return, claim, statement, or other document required to be filed, * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, * * * the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, * * * is mailed shall be deemed to be the date of delivery * * *.
However, this rule applies only to delivery by U.S. mail and not to delivery by common carrier or a private delivery service. ; *630 . In , the taxpayers placed their petition in the hands of a private delivery service on the 90th day after the statutory notice of deficiency was mailed. We held that the timely mailing as timely filing provisions applied to delivery by the United States Post Office, and not to delivery by private delivery services. . In the instant case, the petition was picked up from petitioner's office in Anchorage by DHL, a private express mail shipper, on November 1, 1989, and was received at the United States Tax Court in Washington, D.C., on November 3, 1989, 2 days after expiration of the 90-day period. Because petitioners used a private delivery service, the timely mailing is timely filing rule of section 7502 does not apply here. Accordingly, we conclude that the petition was not timely filed, and respondent's motion will be granted. An appropriate order will be entered.